Seyfarth Shaw LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
Timothy M. Hoppe (SBN 310999)
thoppe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
MICHAELS STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THOMPSON, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAELS STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant. | Case No.   2:20-cv-7689<br><br>**DEFENDANT MICHAELS STORES, INC.'S NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 20STCV27219)<br><br>Complaint Filed July 17, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant MICHAELS STORES, INC. ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in

relevant part at 28 U.S.C. § 1332, and states that the removal is proper for the following reasons:

## BACKGROUND

1.      On July 17, 2020, Mark Thompson ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, entitled Mark Thompson v. Michaels Stores, Inc., a Delaware corporation, and Does 1 to 50, inclusive, Case No. 20STCV27219 ("Complaint").  The Complaint alleges the following causes of action: (1) Retaliation in Violation of Labor Code § 1102.5; (2) Discrimination in Violation of Government Code § 12940(a); (3) Retaliation in Violation of Labor Code § 6310; (4) Retaliation in Violation of Government Code § 12940(h); (5) Failure to Prevent Discrimination in Violation of Government Code § 12940(k); (6) Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n); (7) Failure to Provide a Reasonable Accommodation in Violation of Government Code § 12940(m); (8) Violation of Constitutional Right to Privacy (Cal. Const., Article I, section 1); (9) Wrongful Termination in Violation of Public Policy; (10) False Imprisonment; and (11) Intentional Infliction of Emotional Distress.  A true and correct copy of the Complaint, along with all other filings attached to it are attached as **Exhibit A**.  (*See* Exh. A to Declaration of Timothy M. Hoppe ("Hoppe Decl.").)

2.      On August 10, 2020, Plaintiff served his Complaint and a summons on Defendant's registered agent, CSC, by personal service.  A true and correct copy of the Proof of Service filed with the Superior Court is attached as **Exhibit B**.  (*See* Exh. B to Hoppe Decl.)

3.      On August 24, 2020, Defendant filed an Answer to the Complaint in California Superior Court for Los Angeles County.  A true and correct copy of the Answer is attached as **Exhibit E**.  (Exh. E to Hoppe Decl.)

## TIMELINESS OF REMOVAL

4.      This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of effective service of the

2

NOTICE OF REMOVAL BY DEFENDANT MICHAELS STORES, INC.

Summons and Complaint upon Defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that 30-day deadline to remove commences upon service of the summons and complaint).

5. This action is removable pursuant to 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable from state to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff's Citizenship

6. To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States; and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff is, and at the commencement of this civil action was, a citizen of Los Angeles County, California. (*See* Complaint, ¶ 1.)

### B. Defendant's Citizenship

7. Defendant Michaels Stores, Inc. is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). Pursuant to 28 U.S.C. § 1332(c)(1), a corporate entity "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware, with their principal places of business in Texas. (*See* Declaration of Mark Howerton ("Howerton Decl.") ¶ 3.)

8. The appropriate test to determine a corporate entity's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the

NOTICE OF REMOVAL BY DEFENDANT MICHAELS STORES, INC.

corporate officers "direct, control, and coordinate the corporation's activities" and where the corporate entity maintains its headquarters. *Id*. As Texas is the site of Defendant's corporate headquarters and executive offices, and where Defendant's high level officers and directors are located, Defendant's "nerve center" is in Texas. (Howerton Decl., ¶ 4-5.) Accordingly, Defendant is, and has been at all times since this action commenced, a citizen of both Delaware and Texas.

**C.     Residence And Citizenship Of Doe Defendants To Be Disregarded**

9.     Plaintiff has also named Does 1 through 500 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unknown defendants sued as "Does" need not be joined in a removal petition). Thus, the existence of alleged Doe defendants in this case does not deprive this Court of jurisdiction.

**D.     Amount in Controversy**

10.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

11.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, and attorneys' fees. *Galt G/S v. JSS*

NOTICE OF REMOVAL BY DEFENDANT MICHAELS STORES, INC.

*Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).  In this case, Plaintiff seeks economic damages (including but not limited to lost wages/lost benefits) (Complaint, ¶¶38, 46, 56, 62, 68, 77, 86, 104, 111, 118, 127, 136, 143, and Prayer for Relief No. 1), emotional distress damages (Complaint, ¶¶38, 46, 56, 62, 68, 77, 86, 104, 111, 118, 127, 136, 143, 150, 155 and Prayer for Relief No. 1) and punitive damages (Complaint, ¶¶39, 47, 57, 63, 69, 78, 88, 95, 105, 112, 119, 128, 144, 152, 156, and Prayer for Relief No. 2).

12.   Plaintiff seeks economic damages in the form of lost wages.  Plaintiff's last day worked was August 26, 2019.  (Complaint ¶ 28.)  At that time, he earned a salary of $105,000 per year.  (Howerton Decl., ¶ 6.)  Without admitting the veracity of Plaintiff's allegations or the amount of alleged damages, if Plaintiff were to succeed in his claims, assuming the case went to trial in a year, he could obtain an economic damages award of just back wages of over $105,000.  This exceeds the jurisdictional minimum, without considering other non-economic damages (such as emotional distress or punitive damages, all of which Plaintiff seeks) or any attorney's fees.  Since Plaintiff meets this jurisdictional minimum with a reasonable estimate of his back pay damages alone, it is safe to say that the amount in controversy exceeds $75,000 in this case.

13.   Taking into account Plaintiff's prayer for general, special and punitive damages, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

14.   Plaintiff's Complaint also contains a prayer for statutory attorney's fees. (*See e.g.,* Complaint, Prayer for relief No. 3.)  Requests for attorney's fees must be considered in ascertaining the amount in controversy.  *See Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  Here, Plaintiff, if successful, would be

5

entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000. Verdicts show that attorneys' fees in employment cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation). (*See* **Exhibit C** to Hoppe Decl.)

15. In addition, to establish the amount in controversy, a defendant may also rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Salinda v. DIRECTV Inc.*, Los Angeles County Superior Court, Case No. BC475999, 45 Trials Digest 16th 9 (August 23, 2013) (jury attributed $214,171 of damages to plaintiff's disability discrimination claim, $750,000 of damages to plaintiff's failure to prevent discrimination and/or retaliation claim, and $214,170 of damages to plaintiff's interactive process claim); *Duffy v. City of Los Angeles*, Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts LEXIS 9447 (August 12, 2013 verdict) (verdict for $500,000 future economic loss, $74,000 past economic loss and $2,375,000 in emotional distress damages in age and race harassment and discrimination case); *Behar et al. v. Union Bank et al.* Los Angeles Superior Court Case No. BC427993, VerdictSearch California Reporter, Vol. 12, (April 9, 2013 verdict) (verdict for between $186,000 and $800,000 for each plaintiff in economic damages and over $700,000 in non-economic damages for each plaintiff in two-plaintiff age/national origin discrimination and harassment case). (**Exhibit D** to Hoppe Decl.)

NOTICE OF REMOVAL BY DEFENDANT MICHAELS STORES, INC.

16.    Based on the above, it is beyond dispute that the amount in controversy in this matter exceeds $75,000.

## VENUE

17.    Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of Los Angeles, and actions giving rise to the Complaint occurred in the County of Los Angeles.

## INTRADISTRICT ASSIGNMENT

18.    Assignment of this case to the Western Division of this Court is appropriate pursuant to this Court's Local Rule 120(a) and (d) because the state court action arose and was filed in the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

19.    Notice of this notice of removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, Central District, to the United States District Court for the Central District of California.

DATED: August 24, 2020                 Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Timothy M. Hoppe*
       Michael J. Burns
       Timothy M. Hoppe
       Attorneys for Defendant
     MICHAELS STORES, INC.

65318911v.1

NOTICE OF REMOVAL BY DEFENDANT MICHAELS STORES, INC.